FILED
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION
2013 APR 15 A 9: 26
CLERK
SO. DIST. OF GA.

DERRON JACKSON,

    Plaintiff,

v.      CIVIL ACTION NO.: CV612-119

Major VALDERINE JACKSON,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement. Defendant filed a Motion to Dismiss. Plaintiff filed a Response. Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Jackson confiscated his legal materials. Plaintiff also contends that after he asked Defendant Jackson to return his legal materials, she discarded his legal materials. Plaintiff asserts that his efforts to pursue a section 1983 action have been impaired. Plaintiff also asserts that he had filed a grievance on a previous occasion and that Defendant was aware of this filing.

Defendant contends that Plaintiff fails to state a viable claim for relief based on his general allegations regarding retaliation and access to the courts. Defendant also contends that Plaintiff's monetary damages claims against her in her official capacity

are barred. Defendant also contends that Plaintiff's Complaint should be dismissed for abuse of process. Defendant further contends that she is entitled to qualified immunity.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Official Capacity Claims**

A lawsuit against a prison official in her official capacity is no different from a suit against the government itself; such a defendant is immune. Smith v. Fla. Dep't of Corr.,

318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). Plaintiff's monetary damages claims for alleged constitutional violations against the Defendant in her official capacity would be claims against the State of Georgia and are barred. This portion of Defendant's Motion should be granted.

## II. Retaliation

Defendant asserts that Plaintiff's contentions supporting his retaliation claim are vague, conclusory, and allege no more than Plaintiff's personal belief that he is the victim of retaliation. Defendant contends that Plaintiff does not mention Defendant's motivation to retaliate against him or that Defendant's actions were the result of Plaintiff's exercise of free speech. Defendant notes that Plaintiff fails to assert that Defendant Jackson's actions deterred him from engaging in constitutionally protected speech. Defendant states that Plaintiff does not demonstrate that the alleged confiscation of Plaintiff's property was the result of a grievance he filed. Plaintiff responds that he filed several complaints against unnamed prison officials and that Defendant threw away his legal materials in an attempt to protect another officer.

"To state a First Amendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (internal citations omitted). Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Id. A prisoner can establish retaliation by demonstrating that the prison officials' actions were "the result of his having filed a grievance [or lawsuit] concerning the conditions of his imprisonment." Id.

AO 72A
(Rev. 8/82)

In Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005), the Eleventh Circuit noted that, "[t]o state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." The second prong of this test was at issue in Bennett. The Eleventh Circuit adopted an objective standard when evaluating this prong, in accord with other Circuits, and held that "[a] plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." Id. at 1254.

It appears that Plaintiff has set forth sufficient facts to establish that he filed a grievance and that Defendant may have been aware of this filing. However, Plaintiff fails to establish any facts which reveal that, even if Defendant retaliated against him for the exercise of his First Amendment rights, Defendant's actions would have prevented or deterred Plaintiff or any other inmate of ordinary firmness from exercising his First Amendment rights. Plaintiff has filed at least seven (7) lawsuits, including this one, since the time he alleges Defendant retaliated against him.[1] This portion of Defendant's Motion should be granted.

## III. Access to the Courts

Defendant avers that Plaintiff makes no assertion that he suffered an actual injury as a result of her alleged actions. Defendant contends that Plaintiff makes a

---

[1] CV612-91, CV612-92, CV612-93, CV612-94, CV612-118, CV612-119 (this cause of action), and CV612-120.

general statement that he wanted to use his legal papers to pursue a section 1983 action, and that the denial of his legal materials impaired his ability to access the courts.

Plaintiff alleges that Defendant had his legal documents in support of a section 1983 claim in her possession. Plaintiff also alleges that he told Defendant that he would "seek redress in the court system." (Doc. No. 17, p. 2). Plaintiff further asserts that his documents were not returned to him. Plaintiff contends that Defendant continually has denied him the opportunity to present his claims to the courts because she discarded his legal documents.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a

conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

While the pursuit of a § 1983 claim is one of the legal claims which are protected under access to the courts law, Plaintiff has set forth no facts which reveal that he states a plausible claim for relief here. Plaintiff states in only the most general terms that Defendant discarded his legal materials, which rendered him unable to pursue his claims in court. Plaintiff fails to set forth any contention which indicates that he suffered an actual injury to any of his seven (7) causes of action he filed after Defendant allegedly discarded his legal materials and that the actual injury was a result of Defendant's alleged actions. This portion of Defendant's Motion should be granted.

It is unnecessary to address the remaining portions of Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___15th___ day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)